UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN YOO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, et al.,<br><br>    Defendants. | Case No. 21-cv-07723-HSG<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 17 |

This is an insurance coverage lawsuit brought by Plaintiffs Ryan and Jisun Yoo ("Plaintiffs") against Defendants Safeco Insurance Company of America ("Safeco") and Liberty Mutual Insurance Company ("Liberty") (collectively, ("Defendants")). Dkt. No. 1 ("Compl."). Before the Court is Defendants' motion to dismiss. Dkt. No. 17 ("Mot.").[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons provided below, the Court **DENIES** the motion.

**I.   BACKGROUND**

The Court accepts the following allegations as true for the purposes of resolving Defendants' motion. Safeco issued an insurance policy (the "Policy) that covered Plaintiffs' home and personal belongings in the event of damage. Compl. ¶ 11. In October 2019, a broken water line under Plaintiffs' home caused extensive damage and required significant repairs. *Id.* ¶ 13. After Plaintiffs reported the damage, Safeco investigated the claim and made a settlement offer. *Id.* ¶¶ 14, 31. Plaintiffs allege that Safeco mishandled their claim, conducted an inadequate investigation, and provided a deficient settlement. *Id.* ¶¶ 31-36. In October 2021, they filed this

---

[1] Both Defendants and Plaintiffs ask the Court to take judicial notice of several documents in support of the Motion to Dismiss and Opposition, respectively. The Court does not find these documents necessary to analyze the sufficiency of the Complaint or the questions of law raised by Defendant's motion and accordingly denies both requests.

lawsuit, which brings a single claim for Breach of the Implied Covenant of Good Faith and Fair Dealing. *Id.* ¶¶ 30-58. Plaintiffs have sued not only Safeco, the insuring entity, but also Liberty, Safeco's parent company. *See id.* ¶¶ 15-22, 28. The Complaint alleges that the two companies are "alter-egos," and that Liberty uses Safeco as a shell company to shield Liberty from liability. *See id.*

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III. DISCUSSION

The Complaint states a single claim for Breach of the Implied Covenant of Good Faith and Fair Dealing against both Safeco and Liberty. Compl. ¶¶ 30-58. Liberty contends that it cannot be held liable for an implied breach of the Policy because it is not a party to the Policy. Mot. at 10. It is true that under California law only a party to an insurance policy can be held liable for breaching that policy. *See Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 576, 510 P.2d 1032 (1973). And here, it is undisputed that Liberty is not a party to the Policy. Compl. ¶ 16; Mot. at 10-11. This only begins the dispute, however, because the Complaint alleges that Liberty and Safeco are functionally a single entity, or "alter-egos." Compl. ¶ 23. The crux of Defendants' motion is that Plaintiffs' alter-ego allegations are too conclusory to state a claim. Mot. at 11. As explained below, the Court disagrees.

The alter-ego doctrine exists to prevent individuals or other corporations from using corporate legal technicalities to evade justice. *See Sonora Diamond Corp. v. Sup. Ct.*, 83 Cal. App. 4th 523, 538 (2000). It arises where, as here, a "plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests." *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300, 216 Cal. Rptr. 443 (1985). Under California law, Plaintiffs must adequately allege two elements before invoking the alter-ego doctrine.[2] First, they must allege that there is such a "unity of interest" between the parent and its subsidiary that separate personalities effectively do not exist. *See Curci Investments, LLC v. Baldwin*, 14 Cal. App. 5th 214, 221 (2017). And second, they must allege that an "inequitable result" would follow from treating the acts in question as those of the subsidiary alone. *Id.* There are no bright-line rules, but there are several factors that courts consider in this analysis, including the commingling of funds, diversion of assets, failure to follow corporate formalities, and the ownership structure of the entities. *See Zoran Corp. v. Chen*, 185 Cal. App. 4th 799, 811-12 (2010) (providing a non-exhaustive list of factors and stressing the importance of considering the totality of the circumstances). In this case, the Court finds that the Complaint adequately alleges both elements.

As to the unity of interest element, the Complaint alleges at length how Safeco is a "mere shell and conduit" that Liberty uses at its discretion. Mot. at 22. For example, it alleges that Safeco is a "wholly owned and controlled" subsidiary of Liberty that "has no employees" and "cedes 100% of its business" to Liberty. *Id.* It also alleges that Liberty and Safeco have a "management agreement" under which Safeco gives Liberty sole and complete authority to sell policies and accept, investigate, adjust, or deny claims. *Id.* Plaintiffs further contend that Liberty and Safeco have identical officers, file consolidated tax returns, and use the same bank accounts. *Id.*; *see also id.* (listing over forty factual allegations supporting Plaintiffs' contention that Liberty controls Safeco's day-to-day and larger strategic operations). Essentially, Plaintiffs spend the vast majority of the Complaint alleging that Safeco and Liberty are one and the same and should be treated as such. A court in this District recently found nearly identical allegations against Liberty

---

[2] The parties do not dispute that California law governs the interpretation of the Policy. *See* Mot. at 10; Opp. at 5.

3

1    enough to survive a motion to dismiss, and this Court agrees with the reasoning of that case.
2    *Sulimani v. Liberty Mutual Insurance Company*, Case No. 4:20-cv-04041-SBA, Dkt. 34, *10-13
3    (N.D. Cal. July 20, 2021). Plaintiffs have sufficiently alleged that Liberty and Safeco share a
4    unity of interest.[3] As always on a motion to dismiss, whether Plaintiffs can actually prove these
5    allegations is for another day.

6    Plaintiffs have also adequately alleged that an "inequitable result" would flow from not
7    treating Liberty and Safeco as alter-egos. To satisfy this second prong, Plaintiffs must allege
8    "specific manipulative conduct" by the parent toward the subsidiary that "relegate[s] the latter to
9    the status of merely an instrumentality, agency, conduit or adjunct of the former[.]" *Laird v.
10   Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737 (1985) (citations and quotation marks
11   omitted). The Complaint alleges that Liberty has complete control over Safeco, uses the corporate
12   structure in bad faith to shield itself from liability, and is engaged in a scheme across its
13   subsidiaries to hide coverage and misrepresent claimants' rights to benefits. Compl. ¶¶ 28-29. It
14   also alleges that not including Liberty in this lawsuit would obscure the entities' true financial
15   condition because Liberty keeps the asset size of its insuring entities like Safeco small to avoid
16   large punitive damages awards. *Id.* ¶ 29. Other courts in this District have found similar
17   allegations of harm and inequity sufficient at the motion to dismiss stage. *See Vu v. Liberty
18   Mutual Ins. Co.*, 2018 WL 5982867, *3 (N.D. Cal. Nov. 14, 2018); *Sulimani*, 20-cv-04041, Dkt.
19   22 at *11. This Court concurs. At bottom, the Complaint adequately alleges that failing to treat
20   Liberty and Safeco as alter-egos would result in injustice.[4] Defendants' motion to dismiss is

---

[3] Defendants ask the Court to follow the reasoning of *Ruiz v. General Ins. Co.*, where a district court found alter-ego allegations against Liberty and another subsidiary insufficient to satisfy the "unity of interest" prong. 2020 WL 4018274, *5 (E.D. Cal. July 15, 2020). But the Court does not find that case analogous. The complaint there was found insufficient because it made "no allegations at all regarding the organizational relationship" between the two entities aside from "a few oblique paragraphs that could be read to imply" that one was a subsidiary of the other. *Id.* By contrast, the Complaint in this case alleges facts about the organizational relationship between Liberty and Safeco and explains how Liberty effectively renders Safeco a shell corporation. *See* Compl. ¶ 22. And in any event, the ownership structure is just one factor courts may consider when assessing whether there is a unity of interest. *See Zoran Corp. v. Chen*, 185 Cal. App. 4th 799, 811-12 (2010).

[4] Defendants also argue that Liberty's handling of Plaintiffs' claim on behalf of Safeco cannot support claims against Liberty for bad faith, since under California law corporate agents cannot be

4

accordingly **DENIED.**[5]

## IV. CONCLUSION

The Court **DENIES** Defendants' motion and **SETS** a telephonic case management conference on July 26, 2022, at 2:00 p.m. The parties shall submit a joint case management statement by July 19, 2022. Given the age of this case, the parties are advised that the Court intends to promptly set a case schedule that sets trial for no later than July 2023. All counsel shall use the following dial-in information to access the call:

Dial-In: 888-808-6929;

Passcode: 6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.

**IT IS SO ORDERED.**

Dated: 7/12/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

held liable for inducing a breach of the corporation's contract. *See* Mot. at 16-17 (citing *Shoemaker v. Myers*, 52 Ca1.3d 1, 24-25 (1990)). As the *Sulimani* court explained in a very similar case, this argument is a non-starter. *See Sulimani v. Liberty Insurance Corp.*, 20-cv-04041, Dkt. 22, *13-15 (N.D. Cal. June 20, 2021) (finding Liberty's identical argument "confounding and unsupported"). Simply put, it gets the Complaint backwards. Nothing in the Complaint suggests that Liberty or its employees acted under the direction of Safeco. Rather, Plaintiffs clearly allege that Liberty is the parent company that wholly owns and entirely controls Safeco. *See* Mot. at 22.

[5] Defendants also move to strike the Complaint's alter-ego allegations as irrelevant. Mot. at 20. This request is denied. The allegations are plainly relevant to whether Liberty and Safeco are alter egos, so the Court finds no basis to strike them.

5